*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MICHIGAN AFSCME COUNCIL 25 and
AFFILIATED LOCAL 101,

        Plaintiffs-Appellants,

v

COUNTY OF WAYNE,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

VICTOR PLESA,

        Third-Party Defendant.

UNPUBLISHED
April 21, 2022

No. 356320
Wayne Circuit Court
LC No. 20-007378-CL

MICHIGAN AFSCME COUNCIL 25 and
AFFILIATED LOCAL 101,

        Plaintiffs,

v

COUNTY OF WAYNE,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

VICTOR PLESA,

        Third-Party Defendant-Appellant.

No. 356322
Wayne Circuit Court
LC No. 20-007378-CL

-1-

Before: JANSEN, P.J., and SAWYER and RIORDAN, JJ.

JANSEN, J. (*dissenting*)

For the reasons that follow, I respectfully dissent. I would reverse the trial court order which (1) denied plaintiffs' and Victor Plesa's motions for summary disposition to confirm the arbitrator's award, (2) granted defendant and third-party plaintiff Wayne County summary disposition, and (3) vacated the arbitrator's award in favor of Plesa. Because the arbitrator did not exceed his authority in issuing the award, the trial court erred in its rulings and should have confirmed the arbitration award in favor of plaintiffs and Plesa.

Plesa was involved in an accident at work that resulted in serious injury to another employee on November 8, 2018. At the time, Plesa had 20 years of seniority. On November 20, 2018, while disciplinary proceedings were pending, he applied for retirement effective January 1, 2019, which required his assent to a "separation waiver" stating, "You are terminating employment and do not have any agreement, offer, or promise, oral or written, concerning employment." Defendant terminated Plesa's employment the day after, November 21, 2018. Plesa filed a grievance under the collective-bargaining agreement (CBA) seeking reinstatement of his employment on December 3, 2018. And on December 17, 2018, the Wayne County Employees' Retirement System (WCERS) approved his retirement, allowing him to transfer the entirety of his retirement account funds into an individual retirement account. The grievance proceeded to arbitration, which did not take place until May 2019, and the arbitrator determined that defendant violated the just-cause termination provision of the CBA when it terminated Plesa in an opinion issued in July 2019. As such, the arbitrator issued an award reducing Plesa's termination to suspension, reinstating his employment, and awarding him backpay. Plaintiff filed suit to enforce the arbitration award, but the trial court concluded that the arbitrator exceeded his authority by ordering reinstatement contrary to the separation waiver, and vacated the award. This was in error.

We review de novo the trial court's decision to enforce, vacate, or modify an arbitration award. *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009). "In general, courts have a limited role in reviewing arbitration awards." *TSP Servs, Inc v National-Standard, LLC*, 329 Mich App 615, 619; 944 NW2d 148 (2019).

> A court may not review an arbitrator's factual findings or decision on the merits. Likewise, a reviewing court cannot engage in contract interpretation, which is an issue for the arbitrator to determine. Nor may a court substitute its judgment for that of the arbitrator. Hence, courts are reluctant to vacate or modify an award when the arbitration agreement does not expressly limit the arbitrators' power in some way. The inquiry for the reviewing court is merely whether the award was beyond the contractual authority of the arbitrator. If, in granting the award, the arbitrator did not disregard the terms of his or her employment and the scope of his or her authority as expressly circumscribed in the contract, judicial review effectively ceases. Thus, as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error.

-2-

[*Ann Arbor*, 284 Mich App at 144 (quotation marks, citations, and brackets omitted).]

Here, there is no indication that the arbitrator acted outside the scope of his contractual authority or committed an error of law that is clearly apparent on the face of the award. *36ᵗʰ Dist Court v Mich AFSCME Council 25, Local 917*, 295 Mich App 502, 508-509; 815 NW2d 494 (2012), rev'd in part on other grounds 493 Mich 879 (2012). As explained in the majority, the CBA incorporated a retirement ordinance that prohibited withdrawals from a retirement account by employed individuals. Plesa signed the separation waiver when he applied for retirement. The arbitrator correctly found that Plesa was not trying to retire yet maintain employment at the same time. The award provides:

> The point that cannot be overlooked is this: Had the County not violated the contract on November 21ˢᵗ, the application for retirement would not have been acted upon on December 17ᵗʰ and the Grievant would not have retired on January 1ˢᵗ. I am unpersuaded that any of the County's arguments that the Grievant cannot be reinstated have merit.

Defendant applied for retirement as a means of support when his disciplinary proceedings were pending. He would not have completed the retirement process had the grievance been resolved in his favor before his application was accepted. Understandably, he needed a way to support himself. This is not prohibited by the CBA, the retirement ordinance, or the retirement application. Moreover, the language of the waiver makes no reference to reinstatement as a remedy for an employer's violation of the just-cause provision. The language is vague, and should not be construed as a promise that precludes the applicant from seeking future employment.

Defendant argues, however, that the separation waiver precludes reinstatement. I disagree. The arbitrator determined that because defendant violated the just-cause termination provision of the CBA when it terminated Plesa's employment, suspension rather than termination was the appropriate discipline. The arbitration award states:

> Except in the unusual circumstance that a fired employee stays on the payroll while the case is appealed, termination cases always involve former employees who want to regain their status as employees. Unlike situations not involving just cause, an employee claiming he was unjustly terminated has access to the grievance procedure. *Because the Grievant's failure to rescind the retirement application before it was approved is directly attributable to the County's violation of Article 11.01* [the just-cause provision]*, his current status as 'retired' does not limit the authority to order his reinstatement.* [Emphasis added.]

This was a valid finding. It is not clearly wrong on the face of the award, nor does this finding go beyond the arbitrator's authority. Under the trial court's limited authority to review an arbitration award, its review should have ended, and the award enforced.

Moreover, the applicability of defenses to arbitration, including waiver, is for the arbitrator to decide. *36ᵗʰ Dist Court*, 295 Mich App at 518 n 6. The only two issues before the arbitrator where (1) whether Plesa was terminated for just cause, and (2) if not, whether the remedy is limited

-3-

to back pay rather than reinstatement. The separation waiver was raised before the arbitrator as a defense, but not as a total bar to reinstatement. This issue was not raised by defendant until after the award was entered and defendant was displeased with the result. Therefore, the arbitrator properly treated it as an affirmative defense, which he did not find persuasive. Additionally, defendant's argument that the arbitration award is illegal or violates public policy because of possible tax code violations is irrelevant. Neither the Internal Revenue Service nor the county retirement commission are party to this suit, and any argument about the tax implications of the award is mere speculation.

I would therefore reverse the trial court order, and remand for entry of summary disposition in favor of plaintiff and Plesa to confirm and enforce the arbitration award.

/s/ Kathleen Jansen